# Commonwealth v. Davis

*Carlon M. O'Malley*, district attorney, and *William J. Kearney*, assistant district attorney, for Commonwealth.

*Guy A. Sofanelli* and *Gerald G. Dolphin*, for defendant.

HOBAN, P. J., December 29, 1954.—On April 17, 1951, a grand jury indicted defendant for a violation of the Pennsylvania Chattel Mortgage Act of June 1, 1945, P. L. 1358. The penal section of that act made it a misdemeanor for a person in possession of goods under chattel mortgage to injure, destroy, sell or, without notice to the mortgagee, abandon the property under mortgage. The Pennsylvania Uniform Commercial Code was adopted by the legislature on April 6, 1953.[1] The Commercial Code repealed absolutely the Chattel Mortgage Act of 1945, including the penal section thereof. The code, however, created a new system of secured transactions and provided a method of safeguarding the interest of creditors secured by personal property when the property remained in the

---

[1] Act of April 6, 1953, P. L. 3.

hands of the debtors. The Uniform Commercial Code became effective at 12:01 a.m. on July 1, 1954, so that the repeal of the Act of 1945 was effected as of that hour and date.

The code itself did not include penal sections providing for criminal responsibility for offenses against the code, but the same legislature which adopted the Commercial Code on August 19, 1953, added to the Penal Code of 1939 a new section (851.1) declaring certain violations of the Commercial Code to be crimes and providing penalties therefor: Act of August 19, 1953, P. L. 1110, 18 PS §4851.1. Subsection (k) of section 851.1 made it a misdemeanor for a debtor in possession of goods subject to a security interest to injure, destroy, conceal, abandon, etc., or otherwise fraudulently dispose of such goods. This addition to the Penal Code, each subsection of which refers expressly to the appropriate provisions of the Uniform Commercial Code, likewise became effective at 12:01 a.m. July 1, 1954. Subsection (k), referred to above, is a paraphrase of the penal section of the Chattel Mortgage Act, using, of course, the terminology of the Commercial Code.

The motion to quash is based on the theory that the absolute repeal of the Chattel Mortgage Act, including the penal section thereof, by the Uniform Commercial Code, destroys an outstanding indictment for a crime as defined by the Chattel Mortgage Act. The rationale of the cases which hold that such repealers are effective to destroy indictments previously brought under the acts repealed is that the repealer is in effect a legislative pardon for offenders charged, but not convicted or sentenced for violation of the repealed act. If that be the true reason, then it is quite clear that the legislature by continuing to make it a criminal offense to violate the provisions of the Commercial Code, which replaced the Chattel Mortgage Act, never

intended to grant any legislative pardon. See also sections 81 and 82 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §581 and §582. In our opinion the indictment remains valid.

Now, December 29, 1954, the rule to show cause why the indictment of William Davis to the above number and session should not be quashed is discharged.